UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MERRY, individually and f/d/b/a BROOKLAND RESOURCES, INC., a dissolved Florida corporation, ) ) ) | |
| ) | 05 C 4129 |
| Plaintiff, ) | |
| ) | Judge George M. Marovich |
| v. ) | |
| ) | |
| GARRY L. JAMIESON, KARIEN ) | |
| JAMIESON, RICHARD LAMBOURNE, ) | |
| SEAFORD HOLDINGS, and ) | |
| THE JAMIESON GROUP, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Nicholas Merry ("Merry") filed a six-count complaint against defendants Garry

L. Jamieson ("Garry Jamieson"), Karien Jamieson, Richard Lambourne ("Lambourne"), Seaford

Holdings and The Jamieson Group. Defendants Garry Jamieson, Karien Jamieson and The

Jamieson Group have moved pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure

to dismiss plaintiff's claims against them for lack of personal jurisdiction. Because the Court

concludes that it lacks subject matter jurisdiction over this case, the Court *sua sponte* dismisses

the case without prejudice.

I.      **Background**

Plaintiff filed this suit to remedy alleged breaches of promissory notes and to enforce an

alleged violation of an Illinois statute. Plaintiff alleges that he is a resident of Chicago, Illinois.

He further alleges that defendants Garry Jamieson and Karien Jamieson are residents of

Winnipeg, Canada and that defendant Lambourne is a resident of Wilmington, North Carolina.

Plaintiff makes no allegations as to the citizenship of any party, including defendants Seaford Holdings and The Jamieson Group.

## II.    Discussion

A federal court must always assure itself that it has jurisdiction over the claims before it. *Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 381 (7th Cir. 2001).  A party seeking to avail itself of a federal court's jurisdiction bears the burden of establishing jurisdiction "with the manner and degree of evidence required at the successive stages of the litigation."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  Here at the pleadings stage, plaintiff must allege facts sufficient to establish that the Court has jurisdiction over the case.

Plaintiff alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1332, which states, in relevant part, that:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).  "For almost two centuries the diversity statute has been interpreted to require 'complete' diversity of citizenship (meaning that none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen).  *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted).  Diversity of citizenship cannot be determined without allegations of every plaintiff's and every defendant's place of *citizenship*.  Allegations with respect to a party's *residence* does not suffice.  *See*

*Guaranty Nat'l Title Co., Inc. v. J.E.G. Assoc.*, 101 F.3d 57, 59 (7th Cir. 1996) ("When the parties alleged residence but not citizenship, the court must dismiss the suit.").

Plaintiff's complaint fails to include allegations sufficient to support diversity jurisdiction. With respect to himself and three defendants (Garry Jamieson, Karien Jamieson and Lambourne), plaintiff alleges merely each party's residence, not his or her *citizenship*. With respect to defendants Seaford Holdings and The Jamieson Group, plaintiff makes no allegations of citizenship.

Because plaintiff has failed to meet his burden of alleging facts sufficient to establish diversity jurisdiction (and because the complaint includes no allegations that would suggest the existence of a federal cause of action), the Court lacks jurisdiction over this case. Without jurisdiction, the Court cannot consider any of the motions pending before it (but plaintiff would do well to consider whether Illinois is a proper place to hale defendants into court). Because it lacks subject matter jurisdiction, the Court dismisses this case without prejudice.

## III.    Conclusion

For the reasons set forth above, the Court dismisses the case without prejudice for lack of jurisdiction.

ENTER:

*George M. Marovich*

George M. Marovich
United States District Judge

DATED:10/06/05